PITTS *v.* STATE.

Opinion delivered June 21, 1915.

1. CRIMINAL PROCEDURE—INDICTMENT—SPECIAL JUDGE.—An indictment returned by the grand jury into court and received by a special judge occupying the bench, who was not elected to try the particular case, is valid.

2. LIQUOR—ILLEGAL SALE—"BLIND TIGER."—Evidence held sufficient to support a conviction of defendant for the illegal sale of liquor by the "blind tiger" device.

Appeal from Sebastian Circuit Court; Fort Smith District; *Paul Little,* Judge; affirmed.

*C. T. Wetherby,* for appellant.

1. The court erred in not quashing the indictment. The indictment must be brought into court, presented by the foreman of the grand jury and filed with the clerk. The special judge had no authority to receive the indictment. Kirby's Digest, § 2226; 33 Ark. 815; *Ib.* 180; 24 *Id.* 626.

2. The verdict was contrary to the law and the evidence. Defendant was not charged with selling liquor, but with *keeping same for sale,* by means of a *device* known as a "blind tiger." The presence of liquor in the building raises no presumption of guilt. The goods were lawfully there, and no *prima facie* case was made by the testimony. The sale by the girl was an open one; there was no device.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. There is nothing in the bill of exceptions to show that the indictment was received by a special judge. 107 Ark. 29.

2. The evidence sustains the conviction. 45 Ark. 176.

KIRBY, J. Appellant prosecutes this appeal from a judgment of conviction, for violating the liquor laws, upon the charge of selling liquors in a certain building in Fort Smith, upstairs and down, known as the "Social Club Saloon Building," by device known as a "blind tiger," and urges for reversal that the court erred in refusing to

quash the indictment, and that the verdict is not supported by sufficient testimony.

In the motion to quash, it was alleged that the indictment charging the appellant with the offense was returned into court by a grand jury and received and filed by a special judge, who was duly elected for the hearing of certain other cases, and occupying the bench at the time of the return of the indictment.

The motion for a new trial states that the court erred in refusing to allow appellant to prove by the court record that the indictment was returned into court and received by the special judge elected to try other cases, and also that the court refused this offer, stating that he had investigated the matter, and knew that the indictment had been returned into court before him, the regular judge.

The bill of exceptions does not contain any testimony whatever relative to the matter, nor the court's refusal to grant the motion to quash, except the statement in the motion for a new trial, that it was denied because the court had investigated the matter, and knew that the indictment was regularly returned into court while the regular judge was presiding.

(1) It is doubtful if there is anything in the record that requires a decision of the question whether an indictment may be returned by the grand jury into court and received by a special judge occupying the bench, who was not elected to try the particular case. The record does not disclose what particular cases or defendants, the special judge was elected to try, and the notation at the top of the page of the court record showing certain indictments returned into open court by the grand jury (Jno. H. Vaughan, special judge), is not conclusive that the indictment herein was not received when the regular judge was presiding.

Treating the question as raised, however, we do not think the fact that an indictment was received in open court from the grand jury and docketed by order of the special judge presiding would affect its validity or furnish sufficient grounds for it being quashed. The law only

requires that the indictment be returned into open court by the grand jury and filed with the clerk, and there is no reason why the special judge holding court may not have this done.

The purpose of having the indictment so returned is to give it authenticity as a formal charge against the defendant made by the grand jury and the special judge holding the court in which it is so returned has authority to receive the indictment returned by the grand jury, and make the appropriate orders for filing and docketing, whether it is in a case to be tried by him or not. He is the court for all such purposes at the time, even though he may have been elected only to try particular cases.

It appears from the testimony that appellant was a licensed liquor dealer in the city of Fort Smith, and that his saloon was closed on the 1st of August, 1914, on account of the provisions of Act No. 59 of the Legislature of 1913, not having been complied with.

The stock of liquors, according to his statement, was kept downstairs in his house, above which a rooming house was conducted, until it could be determined whether the sale of liquors would again be authorized in Fort Smith.

C. J. Flocks testified his place of business was next to that of appellant; that appellant would frequently come in and ask him if he wanted a drink, they would go upstairs and get a bottle of beer, that he paid appellant for it or rather give him 25 cents for the two bottles of beer that they drank. Appellant brought the beer into the front room upstairs; they sat by a small table with a crochet cover on it and drank it, and that he laid down a quarter on the table upon leaving. That he did this twice; that he had before been drinking with appellant, and thought he ought to begin paying for the drinks. He had been accustomed to drinking in appellant's saloon before it was closed by operation of law.

Another witness testified that he understood there was liquor for sale upstairs in Pitts' place, after the saloon was closed, and upon two occasions went up the

stairs into this room and saw a girl, who inquired what he
wanted. That upon his replying "whiskey," she went out
of the room and shortly returned bringing the quantity
of liquor he called for and he paid her the money and
went out.

Appellant testified that he knew nothing whatever
about the whiskey being purchased from the girl; that he
did not authorize the sale of it, and stated that it was
evidently stolen by the girl and one Jones, who had
worked for him, and that he had discharged her on that
account. He stated that he kept the upstairs of his house
for a rooming house, and was only keeping the liquors
down stairs, waiting to see if the saloons could not be
again opened upon the first of the year. This girl had
the key to the down stairs part of the building, or could
get it any time on applying to appellant's wife, and he
said she was supposed to go down through the saloon to
get into the back yard, as it was the most convenient way.

He admitted having invited Flocks to his place to take
a drink with him, but denied that he had ever been paid
any money by Flocks, or that he had ever seen any left
upon the table by him.

(2) The testimony, we think, is sufficient to sustain
the verdict. It was the purpose of the statute, under
which appellant was indicted, as said in *Glass* v. *State,* 45
Ark. 176, "to suppress clandestine or indirect sales of
liquors in communities where open sales could not be li-
censed, and also in communities where a license might
have been obtained, but the seller undertook to sell with-
out one."

The blind tiger is a device or contrivance resorted to
to evade the operation of the law by the liquor seller who
sought to ply his vocation, and at the same time to conceal
his criminal agency in the action of selling. *Glass* v.
*State, supra.*

Here was appellant's house, with the upstairs con-
ducted as a rooming house, and a stock of liquors in the
lower story formerly conducted as a saloon, with a girl
in his employ who had access to the liquors, and who fur-

nished persons who inquired upstairs therefor, with the kind and quantity desired, after going out of the room, where it was ordered by the prospective customer and getting it, and took the pay therefor.

It is true the appellant said he had no knowledge of the liquors being sold by this girl, and received none of the money therefor, and that he discharged her upon ascertaining the condition, but the jury looked not with favor upon his statement.

There is no error in the record, and the judgment is affirmed.

Smith, J., dissents.